State *vs.* Taylor.

## No. 7473.

### THE STATE VS. THOMAS TAYLOR.

On a trial for murder, the coroner's inquest is not admissible to prove that the prisoner killed the deceased, or to connect him with the homicide, but it is admissible to prove the death. When, therefore, the inquest contains a statement that the prisoner inflicted the wound that caused death, or contains the expression of opinion that the death was caused by the accused, that portion of the document must be excluded, and this may be done by telling the jury that no part of the inquest must be considered by them or have any effect upon them save that which establishes the death.

Where this has not been done, or where the record fails to shew that it was done by the judge specially and with particularity, the case will be remanded, since the prisoner's constitutional right to be confronted with the witnesses against him is thereby infringed.

APPEAL from the District Court for St. James. DUFFEL, J.

*Earhart,* District-Attorney, for the State. *Legendre, Gaudet,* and *E. J. Bermudez* for Defendant.

SPENCER, J. The defendant was indicted, tried, and convicted of murder, and sentenced to death.

He appeals and urges several grounds, for reversal of his sentence, of which it will be necessary to notice but one.

The State offered in evidence the coroner's inquest, in which it is recited that an inquest was held upon the body of Lord Payne, and that it was found that he came to his death by a gun-shot wound in the abdomen, etc. That the wound was inflicted with a pistol in the hands of one Thomas Taylor, still at large. The defendant objected to the introduction of this document, on the ground that under the Constitution of the State (Art. 6) the accused had the right of being confronted with the witnesses against him, that said inquest was secondary evidence, inadmissible until it was shewn that the coroner and physicians who made inquest could not be produced, as witnesses. The judge overruled the objections and admitted the proceedings on the inquest simply to prove, as stated by him in the bill of exceptions, the *corpus delicti.*

In a precisely similar case, that of State *v.* Parker, 7 A. 84, this court, after full consideration, held that the inquest was admissible to prove the *corpus delicti.* The court say: "The deposition of the

State *vs.* Taylor.

witnesses before the inquest, if taken in writing, should not, therefore, be given in evidence on the trial, much less should the opinion of the coroner and jury of inquest, given as the foundation of an order of arrest, that the death was caused by the accused." "The inquest in the present case," say the court "contained the opinion that the accused fired the pistol which caused the death of the deceased, and that part of it should not have been read, or given to the jury. But as the court cautioned the jury, that no part of the inquest should have any influence upon their minds, except that which established the death, we do not feel ourselves authorized to reverse the judgment for such irregularity, considering the caution of the court, with which it was accompanied."

Did it appear in the case now before us, as in that just quoted, that the judge specifically charged and cautioned the jury that they were to give no effect to that part of the inquest in which it is stated that the accused inflicted the wound, we should follow our predecessors, in holding the irregularity not fatal to the verdict. But it does not so appear. The judge simply says that he admitted the paper, "to prove the *corpus delicti*."

This might be true and yet the jury have been unadvised by him, that outside and beyond that purpose it must be disregarded. It is highly probable that the judge did so caution and instruct them, but it does not certainly appear by the record. If he did not, a grave injury was done to the accused, as the Constitution gives him the right to be confronted with the witnesses whose statements connect him with the death.

The death may well be proved by the inquest, but the agency of the accused in the killing, can only be established by witnesses brought "face to face" with him, and not by the opinion of a coroner's jury.

In so grave a case as this, where life is the forfeit, we must have certainty not probability. We must give the accused the benefit of the doubt, and grant him a new trial.

*Ordered accordingly.*

Dissenting opinion,

MANNING, C. J. I do not think there was error. The defendant objected to the admission in evidence of the coroner's inquest for any purpose, relying on the constitutional provision of his right of meet-

ing the witnesses face to face. That is the objection his counsel argue in their brief. It was ruled otherwise in the case cited, State *v.* Parker, 7 Annual, 83, where the inquest was admitted for the purpose of establishing the physical fact of the death, and its precise causes, the court saying: "The facts in themselves are evidence of neither guilt nor innocence, and have no direct tendency to implicate the accused, nor any one else. There can be no evil resulting from the admission of the record of those facts in evidence," etc.

Only that part of the inquest is admissible. Anything therein that tends to trace the death to the party accused of the homicide is not evidence. The judge below in this case restricted the use of the inquest, as evidence, to the establishment of the physical fact of death, and therefore was in line with the ruling in Parker's case, where it was aptly said: "Men would be unfit to sit upon the trial of their fellow-men for crimes, if they were incapable of discriminating, as directed by the court, between that part of the document which was evidence and that which was not. * * * In point of fact, jurymen are capable of making the discrimination, and there is no reason for deluding ourselves with the contrary supposition." *Ibid* 85.

I think the judgment should be affirmed, since on examination of the other points, I find them equally untenable as this.